E. M. ZINK *et al.*, Appellants, v. W. G. MARCUE *et al.*, Appellees.

**Deed:** CONSIDERATION: FRAUD: CANCELLATION. A husband, after a separation from his wife for about eight years, obtained a divorce upon service of notice by publication in this state, and soon afterwards died seized of eighty acres of land, and holding a contract for forty acres more. Under an order of court, made in pursuance of the will of the husband the land was sold by the executors under the will. With knowledge of these facts, the plaintiffs visited the widow of the deceased in another state, and by fraudulent representations induced her to execute a quitclaim deed to said real estate for the consideration of ten or fifteen dollars, and then brought this action in equity against the heirs of the husband and grantee of the executors for a partition of said property, claiming that the divorce obtained by the husband was invalid. *Held*, that the transaction being a speculative one, and under a strong suspicion of fraud, and based upon inadequate consideration the deed to the plaintiffs was properly canceled, and their petition dismissed.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, JANUARY 25, 1892.

ON September 5, 1889, the plaintiffs filed their petition in equity against William Wegener and others named, children and heirs at law of Frederick

Wegener, deceased, George W. Wilson and Michael
Doctor, executors, and W. G. Marcue and Mrs. W. G.
Marcue, purchasers, and Charles Marcue, Sr., mort-
gagee,—for partition of the south half, of the south-
west quarter, of section 7, and the northwest quarter, of
the northeast quarter, of section 18, township 92, range
44, Plymouth county, Iowa. The appellants claim to
be the owners of the undivided half thereof by quit-
claim deed from Catherine Wegener, widow of said
deceased, executed May 22, 1889. The validity of this
deed is questioned upon two grounds, namely, that it
was obtained by fraud and without consideration, and
because a decree of divorce was granted by the district
court of Plymouth county, October 14, 1884, dissolving
the bonds of matrimony between the said Frederick
and Catherine Wegener. The plaintiffs deny the alle-
gations of fraud, and allege that for various reasons
set out the decree of divorce is void and of no effect.
A decree was entered dismissing the plaintiffs' petition,
from which they appeal. As neither of the other
parties join in the appeal, the foregoing statement of
the pleadings is sufficient for the purposes of the case
as it is before us.—*Affirmed.*

*T. M. Zink,* for appellants.

*A. W. Durley* and *H. E. Long,* for defendants,
appellees.

*Argo & McDuffie,* for intervenor, appellee.

GIVEN, J.—We first inquire as to the alleged fraud
and want of consideration in the deed under which the
plaintiffs claim title. Frederick and Cath-
DEED: considera-
tion: fraud:      erine Wegener were married in 1876 in
cancellation.
Kansas. They lived together but a few
days, since which time they have been as strangers to
each other. She continued to reside in Kansas, and
Mr. Wegener most, if not all, of the time thereafter.

until his death, in Iowa. Upon his petition and notice by publication, the decree of divorce, the validity of which is questioned, was granted October 14, 1884. Mr. Wegener died October 20, 1884, seized of said south half, southwest quarter by deed, and of said northwest quarter, northeast quarter by contract of purchase. The executors, under an order of court made in pursuance of the provisions of the will of Frederick Wegener, and on the first day of October, 1886, assigned said contract of purchase, and executed a deed for said south half, of the southwest quarter, of section 7 to the defendant, W. G. Marcue, in consideration of thirty-two hundred dollars paid by him. It was with knowledge of these matters, imparted by the public records, that the plaintiffs sought and received their quitclaim deed on May 22, 1889, from Catherine Wegener.

According to the appellants' claim, the only consideration given for this deed was fifteen dollars. While it is true the value of this title depends upon the validity of the decree of divorce, and it is questioned whether Catherine Wegener could have any interest beyond the eighty acres of which deceased was seized by deed, and whether she was entitled to more than one third, still fifteen dollars is an inadequate price for even such an uncertain interest in eighty acres of land shown to be worth twenty-seven to twenty-eight dollars per acre. This quitclaim deed was executed upon the solicitation and representations of C. L. Trenery, acting in behalf of the plaintiffs. He visited Mrs. Wegener at her home in Wyandotte, Kansas, to secure the deed, and, according to her statements, induced her to execute it by numerous false representations, all of which he denies. To here discuss this testimony at length is unnecessary. It is enough to say that while neither of these witnesses seems to be entitled to the highest degree of credit, yet we think the circumstances are largely corroborative of the testimony of

Mrs. Wegener, especially the purpose for and the circumstances under which the deed was procured. It is evident that Mr. Trenery is a man of business experience, while Mrs. Wegener was quite ignorant of her rights under the peculiar circumstances. It was in keeping with the purpose for which Mr. Trenery went that he would make strong representations, if necessary, to induce her to execute the deed, and equally apparent that without some more potent influence the ten dollars which she says she received, or the fifteen dollars which he says he gave, she would not have executed the deed. It is surely not the province of a court of equity to give its approval to a merely speculative transaction like this, when it is brought under strong suspicion of fraud and unfair dealing. We think that for this reason alone the decree of the district court, dismissing the plaintiffs' petition, and canceling the deed of Catherine Wegener to them, is correct, and should be affirmed.

This view renders it unnecessary that we here consider the other questions discussed.—AFFIRMED.